# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS DAVID ANDREAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES YATES, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:08-cv-01410-LJO-SMS PC<br><br>ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 14)<br><br>ORDER RESOLVING MOTION FOR CLARIFICATION<br><br>(Doc. 11) |

**Screening Order**

**I.　　Screening Requirement**

　　Plaintiff Nicolas David Andreas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 8, 2008, in the Northern District of California, and it was transferred to this Court on September 19, 2008. On January 14, 2009, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a).

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Issues**

    **A.     Failure to Comply with Rule 8(a)**

Plaintiff's first amended complaint is sixty-five pages long. The Court has reviewed the amended complaint in its entirety, and finds that it violates Federal Rule of Civil Procedure Rule 8(a), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need not give an elaborate recitation of every fact he may ultimately rely upon at trial, but only a statement sufficient to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S.Ct. 992 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Because the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ," Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted), Plaintiff must allege facts sufficient to demonstrate what happened to him and to make a showing that what happened to him rose to the level of a constitutional violation, but it is unnecessary for Plaintiff to provide a lengthy narrative setting forth every detail.

The Court will provide Plaintiff with the opportunity to file a second amended complaint. Plaintiff's second amended complaint may not exceed twenty-five pages in length and while Plaintiff may include exhibits, they are not necessary. If Plaintiff opts to submit exhibits, he must cite to them with specificity and he may not rely on them to state his claims for him. If Plaintiff's second amended complaint exceeds twenty-five pages, it will be stricken from the record.

    **B.     Claims Arising From Events at Mule Creek State Prison**

Plaintiff is currently housed at Mule Creek State Prison, and his amended complaint sets forth claims arising from events at that prison and at Pleasant Valley State Prison. Venue for the Mule Creek claims is proper in the Sacramento Division, and venue for the Pleasant Valley claims is proper in this Court. Plaintiff may not pursue his Mule Creek claims in this action, and the second

amended complaint should set forth only the Pleasant Valley claims.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); see also Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance).

### III.     Motion for Clarification

On October 14, 2008, Plaintiff filed a motion seeking clarification of the proper venue for this action and on the Court's order requiring him to submit an in forma pauperis application. Plaintiff was granted leave to proceed in forma pauperis on November 6, 2008, and his concerns about that issue are therefore moot.

As set forth above, if Plaintiff wishes to pursue legal claims based on his current conditions of confinement at Mule Creek, venue is proper in the Sacramento Division.  If Plaintiff wishes to pursue legal claims based on his past conditions of confinement at Pleasant Valley, venue is proper in the Fresno Division.  This action raises claims based on events at both prisons.  Because the Northern District chose to transfer the case to Fresno, Plaintiff is being directed to file a second amended complaint setting forth only his Pleasant Valley claims, and he may file a new action in Sacramento challenging his conditions of confinement at Mule Creek.  If Plaintiff would prefer to omit his Pleasant Valley claims entirely from his second amended complaint, and allege only his Mule Creek claims, he may do so and upon receipt of the second amended complaint, the Court will transfer the case to Sacramento.  <u>The choice belongs to Plaintiff, but he may not pursue both the Mule Creek claims and the Pleasant Valley claims in this action</u>.

### IV.     Order

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed for failure to comply with Rule 8(a);
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;
4. The second amended complaint may not exceed twenty-five pages in length and may only include Plaintiff's claims arising from events at Pleasant Valley State Prison;

5. If Plaintiff's second amended complaint exceeds twenty-five pages in length or otherwise violates this order, it will be stricken from the record;

6. The failure to file a second amended complaint in compliance with this order will result in dismissal of this action, without prejudice, for failure to obey a court order; and

7. Plaintiff's motion for clarification, filed October 14, 2008, is deemed resolved.

IT IS SO ORDERED.

**Dated:   February 6, 2009**              /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE