# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS DAVID ANDREAS,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES YATES, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:08-cv-01410-LJO-SMS PC<br><br>SCREENING ORDER DISMISSING CERTAIN CLAIMS, AND REQUIRING PLAINTIFF TO EITHER FILE THIRD AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EXCESSIVE FORCE CLAIM WITHIN THIRTY DAYS<br><br>(Doc. 16) |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Nicolas David Andreas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 8, 2008. Plaintiff filed an amended complaint as a matter of right on January 14, 2009. Fed. R. Civ. P. 15(a). On February 6, 2009, the Court dismissed Plaintiff's amended complaint for failure to comply with Federal Rule of Civil Procedure 8(a), with leave to amend. Pending before the Court is Plaintiff's second amended complaint, filed March 16, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.     Plaintiff's Claims

### A.     Plaintiff's Allegations

Plaintiff brings this action for violation of his rights under the United States Constitution, based on events which occurred when he was housed at Pleasant Valley State Prison. Plaintiff alleges that in June of 2007, Defendant Phelan singled him out and ordered him back to his cell. As Plaintiff was returning to his cell, Defendant Cruz called him over to the podium and began berating him. When Plaintiff inquired about what was going on, Defendant Cruz threw him to the floor, beat him, and punched him in the face twice. Defendant Rodriguez hit Plaintiff in the left eye with a pepper spray canister, and sprayed Plaintiff directly in the eyes, ears, and mouth at close range. Defendant Gonzales beat Plaintiff with a baton even though Plaintiff was subdued and non-resistant, and Defendants Cabral, Clark, and Green kicked Plaintiff and threw him into a cement wall.

Plaintiff was taken to the medical clinic drenched in and blinded by pepper spray, but the nurses, Defendants Does 1-4, refused to decontaminate him and told him he could decontaminate himself in the sink or toilet. Plaintiff also alleges he suffered an asthma attack but received no medical treatment.

Plaintiff alleges that the appeals coordinators refused to process his grievances on these issues.

Plaintiff alleges that in September of 2004, Defendant Mendoza made racial slurs and epithets against Plaintiff after Plaintiff confronted Defendant over his refusal to allow Plaintiff access to Plaintiff's job as a building clerk. Plaintiff alleges that Defendant continued this abuse for years and in January of 2008, placed Plaintiff against a wall, told him to not to say a word or he would be taken down, and attempted to anally penetrate Plaintiff with his finger. When Plaintiff protested, Defendant took him to the medication window and, along with another officer, sexually battered Plaintiff and taunted and embarrassed Plaintiff by exposing themselves, which caused Plaintiff to have a mental breakdown.

### B.  Rule 18 Requirements

Plaintiff's claims arise from multiple events related only in that they are occurred at Pleasant Valley State Prison. Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may not proceed with a "mishmash of a complaint." Id. Therefore, this action shall proceed on Plaintiff's claims arising from the June 2007 incident of excessive force and denial of medical care. Plaintiff's other claims are dismissed, without prejudice to being raised in a separate action.

### C.  Claims Arising from Incident of Excessive Force in June 2007

#### 1.  Excessive Force Claim

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992)

3

(citations omitted).  For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7.  Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident.  Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)).

Plaintiff's allegations are sufficient to support a claim against Defendants Cruz, Rodriguez, Gonzales, Cabral, Clark, and Green for use of excessive physical force, in violation of the Eighth Amendment.  Fed. R. Civ. P. 8(a)(2).

### 2. Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

The failure to decontaminate Plaintiff or otherwise provide medical care following the application of pepper spray may support a claim for violation of the Eighth Amendment.  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).  However, Plaintiff's very general assertion of lack of treatment falls short of supporting a claim.

///

4

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Plaintiff's allegations must be sufficient to support a claim that Does 1-4 "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health." Farmer, 511 U.S. at 837. Further, Plaintiff has not articulated what harm, if any, resulted from the nurses' actions and/or omissions. Plaintiff will be provided with the opportunity to amend this claim.

        **3.**     **Due Process Claim**

            **a.**     **Procedural**

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff asserts his right to due process was violated, but Plaintiff fails to allege any facts supporting a claim that he was deprived of a protected interest without procedural due process. To the extent that Plaintiff is attempting to base his due process claim on the failure of prison officials to process his appeal of the excessive force incident, the claim fails as a matter of law. Plaintiff does not have a liberty interest in the processing of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

            **b.**     **Substantive**

The concept of substantive due process is expanded only reluctantly and therefore, "if a constitutional claim is covered by a specific constitutional provision, . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (citation and internal quotation marks omitted). In this instance, Plaintiff's allegations of excessive force and denial of medical care fall within the purview of the Eighth Amendment. Therefore, to the extent that Plaintiff is attempting to assert a substantive due process claim, it also fails as a matter of law.

5

### 4. Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Although Plaintiff alleges that his right to equal protection was violated and he makes very general assertions of racial bias, the complaint is devoid of any allegations supporting a claim that Defendants Cruz, Rodriguez, Gonzales, Cabral, Clark, and Green, or Does 1-4, intentionally discriminated against him based on race.

### 5. ADA Claim

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Plaintiff alleges that he is disabled and that Defendants were required to provide him with appropriate services. However, the incident of excessive force and subsequent denial of medical care do not give rise to a viable ADA claim. Plaintiff's ADA claim arising from the June 2007 incident of excessive force and denial of medical care is dismissed, with prejudice. To the extent that other events or incidents which violated the ADA occurred at Pleasant Valley State Prison, Plaintiff is not precluded from raising the claims in a separate suit.

### 6. Claim Against Defendants Cate and Yates

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

Liability arising from the incident of excessive force and the denial of medical care may not be imposed on Director Matthew Cate and Warden James A. Yates based on their rank or position. Plaintiff's second amended complaint contains no factual allegations demonstrating that either Defendant was personally involved in using excessive force or denying Plaintiff medical care. Plaintiff's attempt to extend liability to them by making vague claims of an unconstitutional policy and a failure to train and supervise is without merit. There is no vicarious liability under section 1983, id. at 1948-49, and Plaintiff's allegations do not state a claim against Defendants Cate and Yates.

### 7. State Law Claim for violation of Section 845.6

Finally, in addition to claims under section 1983, Plaintiff alleges a violation of section 845.6 of the California Government Code.

Prison personnel have a statutory duty to summon medical care. Watson v. State, 21 Cal. App. 4th 836, 841 (Cal. Ct. App. 1993); Zeilman v. County of Kern, 214 Cal. Rptr. 746, 754 (Cal. Ct. App. 1985). Specifically, "a public employee . . . is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov't Code § 845.6 (West 2009). "[T]o state a claim under § 845.6, a prisoner must establish three elements: (1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summons such care."

Jett, 439 F.3d at 1099.  "Liability . . . is limited to serious and obvious medical conditions requiring immediate care," Watson, 21 Cal. App. 4th at 841 (citations omitted), and the "section does *not* impose a duty to monitor the quality of care provided," Jett at 1099 (emphasis added).

Plaintiff's allegations establish he was taken to the medical clinic, where the nurses refused to decontaminate him or provide him with medical care for his asthma attack.  The situation at issue involved the alleged failure of medical staff to render care, not the failure to summon medical care.  Plaintiff's section 845.6 is not cognizable.

### III.   Conclusion and Order

Plaintiff's second amended complaint states a claim against Defendants Cruz, Rodriguez, Gonzales, Cabral, Clark, and Green for use of excessive physical force, in violation of the Eighth Amendment.  However, the incident of force does not give rise to any other claims for relief, and Plaintiff's conclusory allegation that he was denied medical care after the incident is not sufficient to support an Eighth Amendment claim.  The Court will provide Plaintiff with the opportunity to file a third amended complaint, limited to curing the deficiencies in his claims arising from the June 2007 incident of excessive force and failure to provide medical treatment following the application of pepper spray.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff's other, unrelated claims are dismissed from this action, without prejudice to renewal in a separate action.

If Plaintiff does not wish to file a third amended complaint and is agreeable to proceeding only against Defendants Cruz, Rodriguez, Gonzales, Cabral, Clark, and Green on his excessive force claim, Plaintiff may so notify the Court in writing, and his other claims will be dismissed for failure to state a claim.  Plaintiff will then be provided with six summonses and six USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Cruz, Rodriguez, Gonzales, Cabral, Clark, and Green.

If Plaintiff opts to amend, his third amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, as previously set forth, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to Rule 18(a), Plaintiff's claims arising from events other than the incident of excessive force in June 2007 and resulting denial of medical care are dismissed, without prejudice to being raised in a separate action;

2. Plaintiff's ADA claim, due process claims, and section 845.6 claim arising from the incident of excessive force in June 2007 and resulting denial of medical care are dismissed, with prejudice, for failure to state a claim;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File a third amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file a third amended complaint and is willing to proceed only against Defendants Cruz, Rodriguez, Gonzales, Cabral, Clark, and Green on his excessive force claim; and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   July 29, 2009**            /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE