# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS DAVID ANDREAS, | CASE NO. 1:08-cv-01410-LJO-SMS PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Doc. 20) |
| JAMES YATES, et al., | |
| Defendants. | |

Plaintiff Nicolas David Andreas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 8, 2008. On August 31, 2009, Plaintiff filed a motion seeking reconsideration of the Court's screening order, which dismissed certain claims and required Plaintiff to either file a third amended complaint or notify the Court of his willingness to proceed only on the excessive force claim found to be cognizable.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

///

1

1      "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

       Plaintiff's disagreement with the Court's order is not grounds for reconsideration. Further, Plaintiff's citation to older pleading standards cases such as Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957) is unpersuasive. There has been a significant departure from prior cases holding that a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009). The current, more stringent standard by which pleadings are analyzed under Federal Rule of Civil Procedure 8(a) is that set forth in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007).

       Plaintiff's motion for reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:    September 2, 2009**                    /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE