# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS DAVID ANDREAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:08-cv-01410-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING UNENUMERATED 12(b) MOTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE<br><br>(Doc. 36) |

**I. Procedural History and Facts**

　　Nicolas David Andreas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed March 16, 2009, against Defendants J. Cruz, S. Rodriguez, D. Gonzales, Cabral, G. Clark and N. Green ("Defendants") for use of excessive force, in violation of the Eighth Amendment. On March 24, 2010, Defendants filed an unenumerated 12(b) motion to dismiss the action due to the Plaintiff's failure to exhaust administrative remedies.

　　On June 11, 2007 Plaintiff combined an excessive force grievance against Defendants Cruz and Rodriguez for excessive force with a request to have Plaintiff's rule violation dismissed. (Doc. 38, Opposition at p. 2; Doc. 36, Decl. of Appeals Coordinator Duran). The grievance was screened out at the informal level on June 25, 2007, for violating an administrative grievance procedural rule ("Administrative Bulletin 05-03") prohibiting the combination of staff complaints with other appeal issues, such as Plaintiff's request for dismissal of his rule violation. (Doc. 36, Decl. of Appeals

Coordinator Duran). Plaintiff was informed in a notice dated June 25, 2007, that the grievance was screened out for failure to follow the administrative procedure and that he had fifteen days to correct the defect and resubmit his grievance. (Doc. 36, Decl. of Appeals Coordinator Duran; (Doc. 38, at p. 17, Screening Notice). Plaintiff resubmitted the grievance with the same error on October 15, 2007. (Doc. 36, Decl. of Appeals Coordinator Duran). Plaintiff has only submitted one appeal to the final level appellate review that concerns a matter unrelated to the excessive force claim in this case and the final level appeal was denied May 14, 2008. (Doc. 36, Decl. of Chief of Inmate Appeals Branch Foston).

**II. Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth v. Churner*, 532 U.S. 731, 739 n.5). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216, 127 S.Ct. 910; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2009); *see also Woodford v. Ngo*, 548 U.S. 81, 86. The process is initiated by submitting a CDC Form 602. *Id.* at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level (the "Director's Level"). *Id.* at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.5, 3084.6(c).

Plaintiff argues that the prison's appeals coordinators violated Plaintiff's Due Process and First Amendment rights by restricting Plaintiff's access to the courts by not assigning a log number to Plaintiff's complaint and misinterpreting their administrative rule "Bulletine 05-03." (Doc. 38, Opposition at p. 3). Further, Plaintiff alleges that the Defendants denied Plaintiff access to the courts through their "private interpretation of CDCR's regulations per administrative Bulletin 05/03" and asserts that the prison is interpreting the administrative rule ("Bulletin 05-03") with bias and prejudice. (Doc. 38, Opposition at p. 3).

Plaintiff's attached copy of "Bulletin 05-03" states "Appeals alleging staff misconduct will be addressed separately and will not be combined with other appeal issues." (Doc. 38, Opposition at p. 23). Although the use of passive voice causes ambiguity, the interpretation and application of

the administrative appeals personnel is reasonable. Moreover, the appeals coordinator's directive given in the screening notice clearly sets forth simple instructions on how to correct the perceived defect in order to ensure that Plaintiff's grievance went through and stated the time frame in which Plaintiff had to make the corrections or prove that the screening was in error. (Doc. 38, Opposition's "Exhibit 2A" at p. 17, Screening Notice). The Supreme Court has held that this exhaustion requirement demands "proper" exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 84, 90-91 (2006). "To 'proper[ly]' exhaust, a prisoner must comply 'with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.'" *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90-91 ). However, "if prison officials screen out an inmate's appeal for improper reasons," then the inmate can be equitably excused from the exhaustion requirement. *See Sapp v. Kimbrell*, 623 F.3d 813, 823.

In this case, the prison official's interpretation of their own administrative rule, Bulletin 05-03, was reasonable, the interpretation of the procedural rule was made known to Plaintiff, Plaintiff was provided with clear and simple instructions on how to correct the error, Plaintiff was given the opportunity to correct the error or seek reversal of the screening result within fifteen days of the screening notice. Plaintiff presents no evidence that he complied with the instructions of the screening notice within the proper deadline. Since Plaintiff has failed to comply with the agency's procedural requirements, Plaintiff has not properly exhausted his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 84, 90-91. Moreover, since Plaintiff has missed the deadlines to comply with the administrative procedure, it appears that Plaintiff cannot properly exhaust his administrative remedies for this claim in the future.

### III.    Conclusion and Recommendation

Defendants have shown that Plaintiff did not exhaust administrative remedies for his excessive force claim against them and Defendants are therefore entitled to dismissal of the claim. Moreover, it appears that Plaintiff cannot correct the procedural shortcomings in order to properly exhaust his administrative remedies. Accordingly, the Court HEREBY RECOMMENDS that

Defendants' motion to dismiss, filed March 24, 2010, be GRANTED, and Plaintiff's claim against them be DISMISSED, WITH PREJUDICE, for failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     January 28, 2011

UNITED STATES MAGISTRATE JUDGE